UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN LOUIS COCKRUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5329** |
| **BESSIE CARTER, CASEY MCVEA, ROBERT TANNER** | **SECTION "I"(4)** |

### ORDER AND REASONS

Before the Court is a **Motion to Amend (Rec. Doc. No. 10)** filed by the *pro se* plaintiff, Benjamin Louis Cockrum. The plaintiff seeks leave to amend his 42 U.S.C. § 1983 complaint to add claims of retaliation and improper loss or destruction of his personal legal documents against Lieutenant Colonel Todd, Major Mizel, Warden Gerald, Captain Knight, Major Rogers and Warden Robert Tanner.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

In this case, Cockrum's original complaint alleges that he has been denied adequate medical care by the named defendants, Dr. Casey McVea, Nurse Bessie Carter, and Warden Robert Tanner. The claims presented in the proposed amended complaint, however, do not pertain to Cockrum's medical condition or the medical care provided to him by the named defendants. Other than the fact that he includes Warden Tanner as defendant in the proposed amended complaint, Cockrum raises new and legally distinct claims against new defendants that are unrelated to his medical care or any legal theory cognizable in the original complaint. To include these unrelated claims in the instant suit would be unduly burdensome on the parties and the Court and would detract from the medical care at issue.

Cockrum has failed to present any reason for the Court to allow him to file the proposed amended complaint into this civil action. He can pursue his new claims by filing a separate action. Accordingly,

**IT IS ORDERED** that Benjamin Cockrum's **Motion to Amend (Rec. Doc. No. 10)** is **DENIED**.

New Orleans, Louisiana this  11th  day of December, 2013.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**