UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN LOUIS COCKRUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5329** |
| **BESSIE CARTER, CASEY MCVEA, ROBERT TANNER** | **SECTION "I"(4)** |

ORDER AND REASONS

Before the Court is a **Second Motion to Amend (Rec. Doc. No. 18)** filed by the *pro se* plaintiff, Benjamin Louis Cockrum. The plaintiff seeks leave to amend his 42 U.S.C. § 1983 complaint to add new factual bases to support a medical indifference claim against the defendants, Dr. Casey McVea.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

Cockrum's original complaint alleges that he has been denied adequate medical care by the named defendants, Dr. Casey McVea, Nurse Bessie Carter, and Warden Robert Tanner. The claim is based on his on-going challenge to the care provided to him for his left elbow which was injured during his arrest when he jumped from a hotel balcony to escape police.

The claims presented in the proposed amended complaint, however, relate to medical care received from Dr. McVea after a separate and distinct fall at the prison in November of 2013, two months after the original complaint was filed. He alleges that he slipped and fell in the prison and was treated by Dr. McVea, and was given an anti-inflammatory and an x-ray of the elbow he claimed to have injured.

Cockrum raises here new claims against Dr. McVea arising from his disagreement with the treatment after his fall on that one occasion in November. He again simply claims that he should be given stronger pain medicine. The Court considers that claims to be unrelated to those raised in the original complaint. To allow Cockrum to bring the claims into this litigation would unduly burden the defendants and the Court causing the litigation to refocus on the level of care received after the unrelated fall rather than the alleged complete denial of care forming the basis of the original complaint.

In addition, it is well settled that a prisoner's disagreement with the medical care offered is not enough to state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*,

122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977)); *see also*, *Domino v. Tex. Depot of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (an alleged incorrect diagnosis is not sufficient to state a claim under § 1983).  The prisoner must instead establish that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In the proposed complaint, Cockrum concedes that Dr. McVea provided him with an anti-inflammatory and that Dr. McVea himself took and reviewed the x-ray of the elbow before concluding that there was no injury to the joint.  As noted above, Cockrum simply disagrees with the doctor's assessment of his injury and insists that he needs stronger pain medication.  This is not sufficient to demonstrate deliberate indifference arising from that episode of care.  To allow the frivolous allegation or claim would be futile.

Cockrum has failed to present any reason for the Court to allow him to file the proposed amended complaint into this civil action.  Accordingly,

**IT IS ORDERED** that Benjamin Cockrum's **Second Motion to Amend (Rec. Doc. No. 18)** is **DENIED**.

New Orleans, Louisiana this  2nd  day of April, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**