UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN LOUIS COCKRUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5329** |
| **BESSIE CARTER, CASEY MCVEA, ROBERT TANNER** | **SECTION "I"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Produce Documents (Rec. Doc. No. 20)** filed by the *pro se* plaintiff, Benjamin Louis Cockrum. In this motion, the plaintiff seeks an order from the Court to compel the defendants to provide him with a free copy of his prison medical records from May 17, 2007 through December of 2013. He in part sought to have the records prior to the Court's *Spears* Hearing held on January 15, 2014. He otherwise suggests that he needs the records to adequately present his 42 U.S.C. § 1983 claims of medical indifference against the defendants, Dr. Casey McVea, Nurse Bessie Carter, and Warden Robert Tanner.

As an initial matter, Cockrum did not need the medical records to discuss his claims with the undersigned Magistrate Judge at the *Spears* Hearing. To that extent, his request is moot.

Furthermore, Cockrum's motion also is not a proper means of obtaining the documents or medical records from the defendants. Neither his *pro se* nor pauper status entitle him to avoid the costs of discovery. *See Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991). He must present any discovery and production requests directly to the appropriate party or non-party in accordance with Fed. R. Civ. P. 34 and/or 45.

To the extent he requests this Court to compel production of his medical records from a defendant or a non-party, he has not indicated any attempt to obtain the information directly from the appropriate party or non-party such to warrant intervention by the Court to compel responses

under Fed. R. Civ. P. 37. In addition, pursuant to Fed. R. Civ. P. 37(a)(1), the plaintiff also is required to provide a certification that he conferred with opposing counsel to amicably resolve any discovery dispute and to state why they were unable to agree or that opposing counsel refused to so confer after reasonable notice. Whittington has not included a certification of this kind nor has he indicated in any other manner that he attempted to amicably resolve the discovery issues alleged before filing this motion.

The Court also notes that the defendants have filed a Motion to Dismiss (Rec. Doc. No. 11) which is based in part on a qualified immunity defense urged by Dr. McVea. To that end, the prison officials would not be required to respond to any such discovery request pending the Court's resolution of the qualified immunity issue. *Williams v. Bragg*, 537 F. App'x 468, 469 (5th Cir. 2013). Cockrum is not entitled to an order to compel discovery responses at this time. Accordingly,

**IT IS ORDERED** that Benjamin Cockrum's **Motion to Produce Documents (Rec. Doc. No. 20)** is **DENIED**.

New Orleans, Louisiana this   2nd   day of April, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**